**UNITED STATES of America,**
**Plaintiff–Appellee**

v.

**Jose Alfredo ORNELAS–LEDEZMA,**
**Defendant–Appellant.**

No. 12–40350
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Feb. 21, 2013.

Renata Ann Gowie, Assistant U.S. Attorney, U.S. Attorney's Office, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Timothy William Crooks, Assistant Federal Public Defender, Federal Public Defender's Office, Houston, TX, for Defendant–Appellant.

Before JONES, DENNIS and HAYNES, Circuit Judges.

**PER CURIAM:** *

This appeal, in which the appellant may be released from prison as early as February 26 after serving an 18–month within guidelines sentence for illegal reentry, represents the triumph of hope over practicality. As the defendant's brief noted in its statement regarding oral argument, the case is likely to be resolved by the appeal in *United States v. Dominguez–Alvarado,* 695 F.3d 324 (5th Cir.2012), and indeed it is. Defendant raises on appeal for the first time whether the trial court should have explained why it was imposing supervised release notwithstanding the hortatory language in recent official Commentary to the Guidelines. *See* U.S.S.G. § 5D1.1, comment. (n. 5) (Nov. 1, 2011). Defendant argues that the imposition of a putative three year term of supervised release on him is procedurally and substantively unreasonable. For the same reasons that motivated the court in *Dominguez–Alvarado,* and our even more recent opinion in *United States v. Garcia–Lemus,* 509 Fed. Appx. 324 (5th Cir.2013)(unpublished), we find no plain error. *See Puckett v. United States,* 556 U.S. 129, 135, 129 S.Ct. 1423, 173 L.Ed.2d 266 (2009).

**AFFIRMED.**

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR R. 47.5.4.